E. G. HALL, ETC., *v.* F. A. SUMMERS, ETC.

**Infants—Proceedings to Sell Real Estate—Value of Real and Personal Estate—Annual Profit—Jurisdiction.**

In proceedings by the statutory guardians of infants to sell their real estate—before a court shall have jurisdiction to sell, three commissioners must be appointed and must report under oath to the court the net value of the infants' real and personal estate, and the annual profits thereof, and whether the interest of the infant requires the sale to be made.

February 9, 1872.

APPEAL FROM LOUISVILLE CHANCERY COURT.

OPINION OF THE COURT BY JUDGE PETERS:

*Sub-Section* 1, *Sec.* 2, *Art.* 3, *Chap.* 86, 1 *Vol. R. S., p.* 305. That in proceedings by the statutory guardians of infants to sell their real estate—before a court shall have jurisdiction to sell such infant's real estate three commissioners must be appointed to report and must report under oath to the court the net value of the infants' real and personal estate, and the annual profits thereof, and whether the interest of the infant requires the sale to be made.

The three commissioners appointed by the court to report under oath the net value of the real and personal estate of the infants, and the annual profits thereof, were duly sworn before a competent officer that they would faithfully perform the duties imposed upon them by the order appointing them commissioners in said case to the best of their abilities—that oath was signed by them, and certified by a justice of the peace—and in the caption of their report they state that they make the same under oath, which report as appears in the record was made with unusual care and particularity, containing a statement of every fact required by the statute—and must be regarded as having been made under oath.

It also appears in the record that the report was produced in court by the commissioners and filed; no attestation to the signatures of the commissioners was necessary; the record itself contains the highest evidence of the proper authentication of the report, by showing that the commissioners came into court and filed their report.

The proceedings in this case are much more regular than are usual in such cases, and seem to be unexceptionable and free from error.

Wherefore, the judgment is *affirmed.*

*Easten & Callaway, for appellants.*

*S. Russell, for appellees.*